IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOHN DAVID GUY NISHWITZ,<br><br>Plaintiff,<br><br>vs.<br><br>KELSIE PETERSON, MICHAEL DIBRIZZI, PENELOPE STRONG, JOSEPH ZAVATSKY, and MANDI GOULD,<br><br>Defendants. | CV 24-106-BLG-DWM<br><br>ORDER |

On August 1, 2024, Plaintiff John David Guy Nishwitz filed a 42 U.S.C. § 1983 Complaint. (Doc. 1.) The Complaint as drafted fails to state a claim. This action is not proper for federal intervention. The Complaint is dismissed.

I. STATEMENT OF THE CASE

A. Parties

Nishwitz is a pretrial detainee held in Yellowstone County Detention Facility. He names two Yellowstone County employees as defendants, Kelsie Peterson and Michael DiBrizzi, and three public defenders, Penelope Strong, Joseph Zavatsky, and Mandi Gould. (Doc. 1 at 2 - 3.)

B. Allegations

Nishwitz cites the Sixth Amendment of the U.S. Constitution as the source

1

of his claim. (Doc. 1 at 3.) The factual allegations all relate to the defendants' conduct in relation to the prosecution of Nishwitz. Nishwitz claims to have attempted to get his attorneys to file various motions for him, but they have failed to "provide adequate counsel." (Doc. 1 at 5.) In making these allegations, Nishwitz does not identify any defendant by name.

Nishwitz also asserts that "Defendant Kelsie Peterson and Defendant Michael DiBrizzi both have restricted his access to the courts in direct violation of Plaintiff's constitutional rights." (Doc. 1 at 5.)

Nishwitz seeks money damages. (Doc. 1 at 6.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Nishwitz is a pretrial detainee proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails

to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual

3

allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### A. Immunity

As pled, as to Nishwitz's Sixth Amendment claims against his counsel, Nishwitz has failed to allege any specific action committed by any particular defendant. For that reason alone, his Complaint fails to state a claim for relief against any defendant other than Petersen and DiBrizzi. But his general statements regarding his claims all refer to actions of defense counsel and judicial staff, for which they are all immune from suit under § 1983.

As to Nishwitz's ineffective assistance claims against his counsel, they are

not appropriate for a claim under 42 U.S.C. § 1983 for three distinct reasons. First, Nishwitz's public defenders are not state actors within the meaning of § 1983 and cannot be sued under 42 U.S.C. § 1983. § 1983 creates a cause of action against those acting "under color of" state law. The actions as Nishwitz's attorneys cannot be considered to be "state action," because they are specifically opposed to the state in the court of law. "[I]t is the function of the public defender to enter "not guilty" pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities." *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981) (concluding public defenders to not act under color of law within the meaning of § 1983).

Further, an ineffective assistance of counsel claim must be raised in direct appeals, post-conviction, or habeas corpus proceedings—not in a § 1983 action. Claims for ineffective assistance of counsel are not recognized under § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Finally, any ineffective assistance claim Nishwitz may or may not have against his counsel have not yet accrued, if he has not yet been convicted. That is, until the consequences of any actions or inactions of his counsel are clear,

5

Nishwitz cannot state a claim against them. Nishwitz's Complaint is fatally deficient.

Nishwitz also cannot state claims against Peterson and DiBrizzi, who are immune from suit as judicial employees. As an initial matter, Nishwitz has failed to allege any facts as to their conduct. He provides a conclusion, that they violated his right of access to the court, but he fails to provide any facts to show how they did so. On that ground alone, the allegations are insufficient to state a claim. But additionally, these defendants have quasi-judicial immunity as employees of the court. Court clerks and other non-judicial court employees have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (citing various cases). Nishwitz has made no allegations that state a claim that Defendants' actions took place out of the judicial process. Plaintiff's Complaint fails to state a claim for relief.

### B. Abstention

Even if Nishwitz could state a claim against defendants, the claim cannot be heard in federal court. There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v.*

*Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Federal courts may raise the issue of *Younger* abstention *sua sponte*. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998) (noting that the district and appellate courts can raise the issue *sua sponte*).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978,

983–84.

Here, the "threshold elements" of *Younger* are present. First, Nishwitz's allegations relate to ongoing criminal proceedings against him. State proceedings are criminal enforcement actions that implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing.

Nishwitz will have an adequate opportunity in the state district court to raise any issues he has regarding his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. Nishwitz has opportunities under Montana law to address any alleged violations of his federal rights relative to his prosecution.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding Nishwitz's ongoing state prosecution would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the

position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. To rule on Nishwitz's Complaint in these circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Nishwitz's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Nishwitz has not alleged an exceptional circumstance sufficient to avoid abstention.

The Court concludes that abstention is proper. Ordinarily, in the case of a complaint for damages, the Court can stay the federal action pending resolution of the underlying state case. In this case, however, Nishwitz's Complaint fails to state a claim in any event, so a stay in not appropriate.

### III.  CONCLUSION

The Court has screened Nishwitz's Complaint and determined that it fails to state a claim and that the Court must abstain. Leave to amend should be freely

granted, but in this case, amendment would be futile. Nishwitz could not amend his Complaint to state a claim.

Accordingly, it is HEREBY ORDERED:

1. Nishwitz's Complaint is DISMISSED. The Clerk of Court is directed to enter judgment in this matter according to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3. The Clerk of Court is directed to have the docket reflect that the dismissal of this Complaint counts as a strike against Nishwitz within the meaning of 28 U.S.C. § 1915.

DATED this 18th day of September, 2024.

_____
Donald W. Molloy, District Judge
United States District Court